FILED'07 MAY 14 11:20USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

ROBERT F. BURY,                )
                               )  Civ. No. 06-3081-PA
            Plaintiff,         )
                               )  **ORDER**
    v.                         )
                               )
NORTHERN OUTFITTERS, LLC,      )
                               )
            Defendant.         )

**PANNER, J.:**

Plaintiff Robert F. Bury brings this action for wrongful discharge and unpaid wages against defendant Northern Outfitters, LLC. Defendant moves to dismiss, asserting lack of personal jurisdiction, failure to state a claim under the Fair Labor Standards Act, lack of subject matter jurisdiction, and forum non conveniens. I grant the motion to dismiss for lack of personal jurisdiction.

1 - OPINION AND ORDER

## BACKGROUND

Because defendant contends that this court lacks personal jurisdiction over defendant, the court may consider affidavits, declarations, and other evidence, rather than being limited to the allegations of the complaint.

In 2006, plaintiff was the president of Northern Outfitters, Inc., which was based in Utah. Northern Outfitters supplied cold-weather gear.

Effective June 1, 2006, Northern Outfitters was purchased by Dawn Talley and Jim Harrison, who continued the business as Northern Outfitters, LLC, which is the defendant here. Jim Harrison is defendant's CEO and sole shareholder.

According to plaintiff, when Northern Outfitters was purchased, Harrison promised plaintiff and other employees that defendant would reimburse them for vacation pay accrued under the predecessor company.

Harrison states that he discussed with plaintiff whether defendant would hire plaintiff as president. The discussions occurred while defendant was based in Utah. Harrison agreed to pay plaintiff a $100,000 bonus if sales goals were met and a $200,000 salary contingent on defendant's performance. If defendant made a profit, then Harrison, who is defendant's sole shareholder, and plaintiff would split the first $400,000 of profit.

2 - OPINION AND ORDER

Plaintiff worked in Utah as defendant's president from June 1, 2006, until August 15, 2006. On August 15, 2006, defendant moved its headquarters from Salt Lake City to Jacksonville, Florida.

Harrison states that in mid-August 2006, plaintiff asked to renegotiate his employment contract. Harrison states that he agreed to eliminate plaintiff's contingent salary and bonus, and instead to pay plaintiff a salary of $70,000, payable bi-weekly, and not contingent on defendant's profitability. Harrison states that defendant made two payments to plaintiff under the new salary agreement.

Plaintiff asserts that he refused defendant's offer to move to Jacksonville, Florida, and agreed instead to work in Medford at the reduced salary of $70,000. Defendant contends that plaintiff unilaterally decided to move to Oregon.

Plaintiff submits an undated document entitled, "Offer of Employment," apparently drafted by defendant. The employment offer includes a $70,000 salary for plaintiff, with a 5% commission on direct sales. The offer states, "This position will be an interim status. The result of sales growth and financial stability will be the basis for discussion regarding a change of responsibilities, title, and location. At year end your performance will be reviewed and mutually agreed upon changes will be discuss [sic] by you and the CEO of Northern

3 - OPINION AND ORDER

Outfitters at year end." Bury Decl., Ex. C, at 3. The offer does not state whether plaintiff would be based in Florida or Oregon.

Plaintiff states that Harrison agreed "by telephone" with plaintiff's proposed move to Medford. According to Harrison, however, in early September 2006, plaintiff requested leave to travel to Oregon, and once plaintiff arrived in Medford, he refused to return to Jacksonville and instead offered to work from Oregon.

Plaintiff flew to Florida on August 28, 2006, and stayed there until September 1, 2006. While in Florida, plaintiff met with Harrison. Plaintiff states that from September 1, 2006 until his termination on September 16, 2006, he was working for defendant in Medford.

Harrison states that he asked plaintiff several times to return to Jacksonville and resume working for defendant as president, but "it became apparent that [plaintiff] had no intention of returning to Jacksonville, and [plaintiff] was terminated from further employment." Harrison Decl. ¶ 20.

Defendant filed an action against plaintiff in Duval County, Florida, on October 10, 2006, asserting claims for breach of employment contract, breach of fiduciary duty, and declaratory relief. Plaintiff has moved to dismiss for lack of personal jurisdiction. That motion is pending.

4  - OPINION AND ORDER

Plaintiff filed this action on October 19, 2006.

## DISCUSSION

### Motion to Dismiss for Lack of Personal Jurisdiction

Motions to dismiss for lack of personal jurisdiction are brought under Federal Rule of Civil Procedure 12(b)(2). There are two types of personal jurisdiction, general and specific.

### I. General Jurisdiction

General jurisdiction exists when "a defendant's activities in the state are 'substantial' or 'continuous and systematic,' even if the cause of action is unrelated to those activities." Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990) (quoting Data Disc, Inc. v. Systems Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977) (further citation omitted)). "The standard for establishing general jurisdiction is 'fairly high,' and requires that the defendant's contacts be of the sort that approximate physical presence." Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (quoting Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986), and citing Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1331 (9th Cir. 1984)).

Plaintiff cites Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 447-48 (1952). There, the Court concluded that due process would not be violated by the exercise of general jurisdiction in Ohio over a Philippines-based mining corporation.

5 - OPINION AND ORDER

During the Japanese occupation of the Philippines and immediately thereafter, the corporation's president worked in an Ohio office, had two bank accounts in Ohio, drew and distributed payroll checks in Ohio, maintained the corporation's filing and correspondence in Ohio, and held directors' meetings in Ohio.

Here, in contrast to <u>Perkins</u>, plaintiff worked for at most two weeks in Oregon before defendant terminated him. Plaintiff does not dispute that defendant does no business in Oregon and has no office in Oregon. Plaintiff has not carried his burden of showing general jurisdiction over defendant in Oregon.

## II.  Specific Jurisdiction

The plaintiff has the burden of showing personal jurisdiction. <u>Fields v. Sedgwick Associated Risks, Ltd.</u>, 796 F.2d 299, 301 (9th Cir. 1986). The plaintiff's allegations are deemed correct. <u>Corporate Inv. Business Brokers v. Melcher</u>, 824 F.2d 786, 787 (9th Cir. 1987). When the court determines personal jurisdiction based on affidavits and discovery materials without holding an evidentiary hearing, the court may dismiss only if the plaintiff has not made a prima facie showing. <u>Fields</u>, 796 F.2d at 301.

In a diversity action, the court's assertion of personal jurisdiction must comply with the state long-arm statute and federal due process. <u>Gray & Co. v. Firstenberg Mach. Co.</u>, 913 F.2d 758, 760 (9th Cir. 1990). Because Oregon authorizes

6 - OPINION AND ORDER

personal jurisdiction to the limits of federal due process, the court may proceed directly to the federal due process analysis. Id.; Or. R. Civ. P. 4L.

The court applies a three-part test for specific personal jurisdiction: (1) the defendant must have performed an act or consummated a transaction within the forum, purposefully availing itself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws; (2) the claim must arise out of or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993).

### A. Purposeful Availment

Defendant contends it did not purposely avail itself of the privilege of conducting activities in Oregon because plaintiff unilaterally chose to move to Oregon. Defendant states that it agreed to pay plaintiff, then a resident of Utah, for work to be performed in Utah, and later requested that plaintiff move to Florida.

Taking the evidence in the best light for plaintiff, defendant allowed plaintiff to move to Oregon. It is undisputed that defendant did not encourage plaintiff to move to Oregon. As defendant notes, it would be unusual for a start-up business headquartered in Florida to allow its president to manage day-to-day operations from Oregon. I conclude that defendant did not

7 - OPINION AND ORDER

take advantage of the rights and privileges of conducting business in Oregon.

The court should focus on the defendant's actions, not the plaintiff's. See Hunt v. Erie Insurance Group, 728 F.2d 1244, 1247 (9th Cir. 1984). In Hunt, the plaintiff brought an action against an East Coast insurer, after the plaintiff had been injured in an accident in Colorado and moved to California to receive medical benefits. "To characterize [the plaintiff's] decision as an intentional action by Erie, for purposes of meeting the purposeful availment requirement of due process, would frustrate the very policy behind that requirement: ensuring that a 'defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" Id., 728 F.2d at 1247 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (emphasis added by Hunt)). If I were to follow plaintiff's logic, plaintiff could hale defendant into court wherever he happened to move.

It is true that a defendant need not be physically present in a forum for specific jurisdiction to exist. Business often "'is transacted solely by mail and wire communications across state lines.'" T.M. Hylwa, M.D., Inc. v. Palka, 823 F.2d 310, 314 (9th Cir. 1987) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1984)). However, "the mere existence of a

8 - OPINION AND ORDER

contract with a party in the forum state does not constitute sufficient minimum contacts for jurisdiction." Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir. 1990). As the court noted in Hunt, "[t]he mere fact that [the defendant insurance company] communicated with [the plaintiff] in the state, and may have committed a tort in the exchange of correspondence, does not show that [the insurance company] purposefully availed itself of the privilege of conducting business in California. [The plaintiff's] move to California forced [the insurance company] to send mail to that State concerning her claim." 728 F.2d at 1248.

Here, I agree with defendant that, taking the evidence in the light most favorable to plaintiff, plaintiff has not carried his burden of showing that defendant purposely availed itself of the privilege of conducting activities in Oregon. Plaintiff's decision to move to Oregon, and the two weeks he spent in Oregon allegedly working for defendant, are not sufficient to show purposeful availment.

### B. Arising From Forum-Related Activities

The court applies a "but for" test to determine whether a claim arises out of a defendant's forum-related activities. Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995). Given my conclusion that defendant did not purposefully avail itself of the privilege of doing business in Oregon, I conclude that plaintiff has failed to show that his claims arise from

9 - OPINION AND ORDER

defendant's forum-related activities.  Cf. Hirsch v. Blue Cross, Blue Shield of Kansas City, 800 F.2d 1474, 1480-81 (9th Cir. 1986) (breach of contract claim arose from forum-related activities because contract itself was defendant's contact with forum).

### C. Reasonableness

To determine reasonableness, the court should consider seven factors:  (1) the extent of the defendant's purposeful interjection; (2) the burden on the defendant to defend the action in the chosen forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in the dispute; (5) the most efficient forum for resolving the dispute; (6) the importance of the chosen forum to affording plaintiff effective and convenient relief; and (7) the existence of an alternative forum.  Theo H. Davies & Co. v. Republic of the Marshall Islands, 174 F.3d 969, 975 n.4 (9th Cir. 1999) (citing Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1487-88 (9th Cir. 1993)).

#### (1) Purposeful Interjection

Even if a defendant's contacts are sufficient to find purposeful availment, the court still must examine the extent of the defendant's purposeful interjection to determine reasonableness.  Ziegler v. Indian River County, 64 F.3d 470, 475 (9th Cir. 1995).  Here, defendant's contacts with Oregon were

10 - OPINION AND ORDER

minimal.  This factor strongly favors defendant.

### (2)  Burden of Litigating in Forum

Because defendant is based in Florida, it would be a burden to litigate this action in Oregon.  The law is concerned more with the defendant's burden, so this factor favors defendant.  <u>Ziegler</u>, 64 F.3d at 475.

### (3)  Conflict with Defendant's State

This factor does not favor either party.

### (4)  Forum's Interest in Adjudicating Dispute

Oregon has an interest in protecting its citizens from injury.  <u>Id.</u>  This factor slightly favors plaintiff.  Plaintiff had lived in Oregon only two weeks when defendant terminated him, although he apparently had lived in Oregon previously.

### (5)  Efficiency of the Forum

This factor concerns mainly the location of witnesses and evidence.  <u>Id.</u> at 475-76.  The events giving rise to plaintiff's claims occurred mainly in Utah and Florida, and Harrison and several other potential witnesses are in Florida.  Plaintiff alleges that a potential witness works for defendant in Utah, and that all relevant documents are already in the record.  However, only plaintiff is in Oregon.

This factor favors defendant.

### (6)  Forum's Importance to Plaintiff

The sixth factor looks to the convenience and effectiveness

11 - OPINION AND ORDER

of relief for the plaintiff.  Id. at 476.  Although plaintiff considers Oregon to be a more convenient forum, "'neither the Supreme Court nor [the Ninth Circuit] has given much weight to inconvenience to the plaintiff.'"  Id. (quoting Core-Vent, 11 F.3d at 1490).  Plaintiff states that the cost of litigating in Florida will be burdensome.  Plaintiff's motion to dismiss for lack of personal jurisdiction is pending in the Florida action.

This factor favors plaintiff.

### (7) Alternative Forum

Defendant has already filed an action in Florida state court that would resolve the claims plaintiff brings here, so there is an alternative forum.  Utah is another possible forum.  This factor favors defendant.

Because plaintiff has not shown purposeful availment, there is no presumption that jurisdiction in Oregon is reasonable.  I agree with defendant that exercising specific jurisdiction over defendant in Oregon would be unreasonable.  This action must be dismissed without prejudice because plaintiff not shown that personal jurisdiction over defendant in Oregon would comply with the requirements of due process.

Because of my conclusion that this action must be dismissed for lack of personal jurisdiction, I need not address defendant's motion to dismiss for failure to state a claim or lack of subject matter jurisdiction.

## CONCLUSION

Defendant's motion to dismiss for lack of personal jurisdiction (#11) is granted. Defendant's motion to dismiss (#3) is denied as moot.

IT IS SO ORDERED.

DATED this ___4___ day of May, 2007.

                                                        /s/ Owen M. Panner
                                                        OWEN M. PANNER
                                                        United States District Judge